## FRANCIS D'MUHALA
*vs.*
## JOSEPH L. D. VERTIFEUVILLE

Court of Common Pleas      Windham County      File No. 315

MEMORANDUM FILED JULY 10, 1945

*Edward L. Dennis,* of Scotland, for the Plaintiff.

*Alva P. Loiselle,* of Willimantic, for the Defendant.

FITZGERALD, J. Section 6 (a) (6) of the regulation under the Federal Emergency Price Control Act of 1942 relating to defense-rental areas presently provides that a landlord has the right to recover possession of housing accommodations providing he "seeks in good faith to recover possession of such accommodations for immediate use and occupancy as a dwelling for himself." In this action the plaintiff, a tenant for nine years in an apartment on the third floor of a three-family dwelling house owned by the defendant in the City of Willimantic, seeks to enjoin the latter from the continuance of a summary process action which has been returned to a local Justice of the Peace.

It appears that the plaintiff is not in arrears respecting his rent. So also it appears that the plaintiff, a probation officer of the Juvenile Court for the Third Connecticut District, has made every possible effort to secure other living accommodations for his wife and four small children, but without success. In seeking injunctive relief the plaintiff has alleged, and claims that the evidence discloses, that the defendant in instituting the summary process action has done so as a "subterfuge" and that he does not seek "in good faith to recover possession of such accommodations for immediate use and occupancy as a dwelling for himself" as required in the regulation under Federal law.

Were the presiding judge sitting as a Justice of the Peace he would be forced to conclude on the evidence that the plaintiff tenant has made out a convincing case. But the presiding judge is not a Justice of the Peace before whom the summary process action was initially returned. Whether or not the defendant herein as plaintiff landlord in the summary process action is acting "in good faith to recover possession of such accommodations for immediate use and occupancy as a dwelling for himself" (to quote again the all-important language of section 6 (a) (6) of the regulation) presents a mixed question of law and of fact opened for determination in the forum of the Justice Court.

The conclusion that the matter should be thrashed out in the Justice Court is fortified by the fact that research discloses that in those cases wherein similar questions were involved it was in that court having initial jurisdiction over the summary process action that the questions were first considered. See, for example, *Snyder vs. Reshenk*, 131 Conn. 252,

in which the tenant prevailed before a jury in the Justice Court and upon the entry of judgment a writ of error was pursued by the landlord to the Court of Common Pleas wherein the writ was dismissed, and our Supreme Court on appeal by the landlord affirmed. Note, also, causes of other jurisdictions cited in the opinion at page 259.

The plaintiff tenant has available to him defenses at law to which he can resort in the summary process action. Under appropriate circumstances he can resort to this court and thereafter to the Supreme Court from a claimed adverse adjudication of his rights. There is no need for the intervention of equity.

*Robinson vs. FitzPatrick*, 12 Conn. Sup. 171, relied upon by the plaintiff, is not in point. In that case the question was whether a temporary injunction should issue to restrain the prosecution of a summary process action instituted by the landlord. The case at bar is not concerned with the issuance of a temporary injunction. That stage is passed. The case is in court, pleadings closed, and the question relates to the issuance of a permanent injunction.

For reasons stated judgment will enter denying injunctive relief to the plaintiff.